WHITMORE AND BURNETT v. ADAMS *et al.*

1. **Promissory note:** COPARTNERSHIP. One partner has no power to bind the firm of which he is a member, by signing the firm name to a promissory note as security for a third person, in a transaction not connected with the copartnership business.

2. —— BONA FIDE HOLDER. The original payee of such a note, who received the same from the principal maker, with knowledge that the firm name was signed as security for such maker, is not a *bona fide* holder without notice.

*Appeal from Henry District Court.*

WEDNESDAY, DECEMBER 14.

PROCEEDING IN CHANCERY to vacate a judgment. The defendants, Smith, Davis & Co., were shoemakers in Mount Pleasant; Adams, a leather and shoe merchant in Burlington. The former wished to purchase of the latter, one hundred dollars' worth of leather on a credit, and inquired whether he would accept a note for that amount, signed by Smith, Davis & Co., and Kauffman, Whitmore & Co. The reply was in the affirmative. In a few days, such a note, running ninety days, was presented, accepted and the goods delivered. Kauffman, Whitmore & Co. were dealers in dry goods, having no connection with the business of Smith, Davis & Co., or interest in the goods for which the note was given. The firm name of which they were members was

signed by Kauffman without their knowledge or subsequent consent. Upon this note, a judgment at law was obtained against said firm, notice of the pendency of the suit being served upon Kauffman alone. Afterward, in a proceeding to subject the individual property of said firm to the payment of said judgment, Whitmore and Burnett resisted, asking that the proceeding aforesaid be enjoined and transferred to the equity docket, where the above facts were developed; and thereupon the court held that they were not bound on said note, and that the judgment aforesaid was inoperative and should be set aside. The defendant appeals.

*S. W. Woolson* for the appellant.

*L. G. Palmer* for the appellee.

Lowe, J.—The appellant insists upon the liability of Whitmore and Burnett, on said note and judgment, for the reason, that although Kauffman could not bind his copartners as sureties for the debt of Smith, Davis & Co., without their assent or concurrence, yet that he was a *bona fide* holder, not knowing that such assent had not been given. But it will be seen, from the facts disclosed that he does not occupy the position of an innocent assignee. He was himself the payee, and one of the original parties to the paper. He knew, or had sufficient reason to know, from what had transpired between himself and Smith, Davis & Co., before he delivered the goods or took the note, that the latter was signed by Kauffman, Whitmore & Co., simply as sureties, and being presumed to be acquainted with the known limitations of the law of partnership agencies, as they everywhere exist in the trading world, he was reasonably put upon inquiry, which, if made, would in all likelihood have set him right, but neglecting the same, he must now

1. Promissory note: copartnership.

2. —— Bona fide holder.

be treated as having taken the note, under the circumstances, at his peril—citing Story on Prom. Notes, § 72; and Story on Part., §§ 127, 128; and authorities cited in notes, &c.

Affirmed.